UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DESHAWN JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-1745** |
| **FAVIS SPENCER, NURSE, ET AL.** | **SECTION "J"(4)** |

### ORDER AND REASONS

The plaintiff, DeShawn Jones filed a **Motion for Appointment of Counsel (Rec. Doc. No. 18)** in which he request appointment of counsel to assist him in this *pro se* and *in forma pauperis* proceeding pursuant to 42 U.S.C. § 1983 in which he asserts that he was denied adequate medical attention at the Orleans Parish Prison where he previously was housed.  He also claims that he is still having problems with the gunshot wound to his leg and that he now is having trouble obtaining needed medical attention at his current facility, the Winn Correctional Center.[1]

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances.  *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).  The Court can consider the following factors when ruling on a request for counsel in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992).  The plaintiff's case is not an exceptional one under these factors and presents no circumstances that would require appointment of counsel.

---

[1] The claims arising from Jones's incarceration in the Winn Correctional Center are not before this Court.  He is currently housed outside of the jurisdictional boundaries of this court and any claims he may seek to urge against his current custodian should be pursued in the appropriate venue and forum.

After considering Jones complaint and his *Spears* Hearing testimony taken April 21, 2016, the Court does not find that the issues are complex or that Jones is unable to adequately convey the facts of his case without assistance of counsel.  *See Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir.1994) (counsel should only be appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975).  To the contrary, although he may not be trained in the law, Jones has demonstrated the ability to express his factual and legal arguments and to understand the issues involved in his case.  There is nothing in the record to indicate appointment of counsel is necessary.  Accordingly,

**IT IS ORDERED** that DeShawn Jones's **Motion for Appointment of Counsel (Rec. Doc. No. 18)** is **DENIED**.

New Orleans, Louisiana, this   13th   day of June, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**