UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DESHAWN JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-1745** |
| **FAVIS SPENCER, NURSE, ET AL.** | **SECTION "J"(4)** |

### ORDER AND REASONS

The plaintiff, DeShawn Jones, filed a **Motion for Discovery (Rec. Doc. No. 19)** requesting that the defendants produce certain documents related to his claim of inadequate medical care while he was housed in the Orleans Parish Prison system. Jones's motion is not a proper means of obtaining the documents or other materials and must be denied.

Neither his *pro se* nor pauper status entitle him to avoid the costs of discovery or the costs of serving any necessary subpoenas to obtain these items. *See Badman v. Stark*, 139 F.R.D. 601, 604-05 (M.D. Pa. 1991).[1] Jones instead must present any discovery and production requests directly to the appropriate party or non-party in accordance with Rules 34 and/or 45 of the Federal Rules of Civil Procedure.

To the extent he requests this Court to compel discovery from a defendant or a non-party, he has not indicated any attempt to obtain the information directly from the appropriate party or non-party to warrant intervention by the Court to compel responses under Fed. R. Civ. P. 37(a)(3)(B). In addition, pursuant to Fed. R. Civ. P. 37(a)(1), the plaintiff also is required to

---

[1] In *Badman*, the court noted: "The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*. That the court may order a discovering party to pay the reasonable costs of a non-party's compliance with a subpoena *duces tecum* finds support among said Rules." *Badman*, 139 F.R.D. at 605 (citations omitted). Plaintiff has made no provision for the costs of discovery and it is appropriate to deny his requests for the issuance of subpoenas *duces tecum*. *Id.*

provide a certification that he conferred or attempted to confer with opposing counsel in an effort to resolve the matter without court action.  Jones has not included a certification of this kind nor has he indicated in any other manner that he attempted to amicably resolve the discovery issues alleged before filing this motion.  Thus, he is not entitled to a court order to compel discovery responses at this time.  Accordingly,

**IT IS ORDERED** that Jones's **Motion for Discovery (Rec. Doc. No. 19) is DENIED**.

New Orleans, Louisiana, this __13th__ day of June, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**